Exceptions. — 1st. That it does not appear that the summons was served on the defendant. 2d. That the execution issued against the defendant, being a freeholder, without any oath or stay.
J. A. Bayard. — The law requires the mode of service to be stated. A return of "served personally" is not sufficient. Non constat that it was on the defendant personally. 2d. The original process is a summons. The presumption then on the face of the record is, that the defendant is a freeholder, and execution could not issue without stay.
Gilpin. — The constable need not state in his return, all the requisites of a proper service. 1 Harr. Rep. 453. The writ directed him to summon the defendant, and the law directs the mode to be either personally, or by a copy left at defendant's place of abode. "Served personally," therefore, in return to such a writ is equivalent to, served on the defendant personally. 2d. The original writ being a summons instead of a capias, does not prove that the defendant was a freeholder; for a summons may issue against a person who is not a freeholder. To take advantage of his freehold, a defendant must plead it before the justice. Kizer
vs. Downey, 1 Harr. Rep. 530.
Bayard. — In that case the exception was to the capias after appearance and defence to the action. The decision was, that it was too late to make such an objection, after waiving it before the justice. Here the defendant never had an opportunity to set up his freehold. The execution issued on a judgment by default.
The court affirmed the judgment and set aside the execution.